

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~xx
ATTORNEY GENERAL

Honorable R. F. Robinson
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

> Opinion No. O-7392
> Re: May a City which had a population of
>     less than 5,000 according to the last
>     Federal Census levy a tax for the
>     current year of here than 1½% on the
>     taxable property of such city if the
>     city commission finds as a fact that
>     the population is now more than
>     7,500?

Your letter of August 31, 1946, requests our opinion on the above question.
Your letter further states the following facts:

The City in question operates under the general law and has no charter.
Its population according to the last Federal Census was under 5,000.
However, the city has had over 5,000 population for a long time and a
recent census taken by order of the City Commission shows a population
of 7,549.

Article 1026, R. C., prescribes a limit of 1½% of the taxable property
on the amount of tax that may be levied by cities and towns having a
population of 5,000 or less.

Article 1028, R. S., provides:

> "The governing body of any city in this State having more than five
> thousand inhabitants, unless otherwise provided in its special
> charter granted by the legislature or adopted by the people, shall
> have power by ordinance to levy,assess and collect such taxes as
> such governing body may determine, not to exceed for any one year
> two and one-half per cent of the taxable property of such city, for
> current expenses and for the purpose of construction or the purchase
> of public buildings, water works, sewers, and other permanent
> improvements, and for the construction and improvement of the roads,
> bridges and streets of such city, within its limits."

See also Texas Constitution, Article 11, Section 5.

In City of Tyler v. Tyler Building & Loan Association, 81 S. W. 2, the Texas Surpeme Court construed a statute authorizing cities of over 10,000 to levy a certain tax. A defendant in a tax suit urged that the city in fact had less than 10,000 population. The court after quoting from the statute, said: "This power depends upon the city having more than 10,000 inhabitants---a fact that must be ascertained before the tax is levied. There is no method prescribed by the statute for determining when a city has more than 10,000 inhabitants, but, the legislature having conferred upon the City Counsel power to levy and collect a given rate of tax, conditioned upon the fact that the city has the requisite population, there is in the grant of power, based upon the limitation of population, an implied grant of authority to ascertain the facts upon which the right to levy the tax depends. Riggins v. Richards, 77 S. W. 946, 8 Tex. Ct. Rep. 908. Any reasonable and suitable method by which a city should ascertain the facts and make a record thereof would be supported by the implied power expressly conferred." The Court then stated that the question of whether the city actually had 10,000 population could only be raised by a quo warranto proceeding.

In City of Farmersville v. Texas- Louisiana Power Company, 33, S. W. 2d 272, the court construed a statute authorizing cities of over 2,000 population to regulate utility rates. The city had over 2,000 population according to the 1920 census, but the utility defendant charged that the 1930 census, which had just been completed, showed the population to be under 2,000. The Court said: "We think it is reasonably apparent that the population of the city or town made the subject of this legislative enactment must be determined at the time the particular city or town attempts to exercise the delegated power granted by the enactment. We agree with appellant's second contention that the ascertainment of the fact of the requisite population is committed to the governing body of the city or town desiring to avail itself of the provisions of Article 1119. When a governing body acts under the provisions of such article, it must be presumed that it did determine the fact of the existence of the necessary population, and such presumed findings can only be attacked on the ground of fraud, and that this ground must be both pleaded and proven by the party attacking the power of any city acting under the provisions of Article 1119," The Court then stated that the issue of fraud was raised in this case.

The City of Tyler case, supra, was followed in a letter opinion written by Assistant Attorney General Leonard King, dated October 22, 1935, (Vol. 367, p. 979, Letters of Attorney General) which opinion construed the same statute as was construed in the City of Tyler case and said: "In answer to your second question you are advised that the Courts of this State have held that it is not necessary to accept the Federal Census in arriving at the correct population of a City, but to the contrary, have held that the population of a city should be determined at the time the proposed ordinance is passed by the governing board of a city . . . It is therefore clear that a city may determine by census or otherwise the population of a city for the purpose of enacting an ordinance fixing the rate to be charged for light and power."

Honorable R. F. Robinson, Page 3    O-7392


In Bell v. Kirkland, 41 S. W. 2d 443, error refused, certain parties opposing the formation of a rural high school district raised a question as to the scholastic population of a school district. The Court held that the statute imposed the duty of determining such scholastic population upon the County Judge or the County School Trustees, and, in the absence of fraud, such fact was not open to controversy.

Also in line with the above authorities, see 30 Tex. Jur. 103.

Under the facts outlined by you, we think the above authorities justify the conclusion that the city in question is governed by the terms of Article 1028, R. S., and we accordingly answer your question in the affirmative.

We desire to thank you for the very helpful brief of the question enclosed in your letter of inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ J. Arthur Sandlin



By
J. Arthur Sandlin
Assistant

JAS:ms

APPROVED SEP. 20, 1946
s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY B. W. B. CHAIRMAN